[Civ. No. 10745.   First Appellate District, Division Two.—September 16, 1938.]

THE AMERICAN DISTILLING COMPANY (a Corporation), Appellant, v. HOLLYWOOD STORAGE COMPANY (a Corporation) et al., Defendants; BEKINS VAN & STORAGE COMPANY (a Corporation), Respondent.

Norman A. Eisner for Appellant.

Williamson & Wallace for Respondent.

NOURSE, P. J.—Plaintiff sued the defendants for the recovery of sums paid under protest claimed by the defendants to be due for freight advanced and storage charges upon a shipment of liquor. The cause was tried without a jury and, at the close of plaintiff's case, judgment of nonsuit was rendered in favor of defendants.

The undisputed facts are that the plaintiff shipped the liquor to defendants' place of business upon an order of the Western Distilleries, that the defendants advanced the freight charges and placed the consignment in the warehouse, that the Western Distilleries failed to make the purchase, and

the liquor was returned to the plaintiff after it had paid under protest the charges made by defendants. The plaintiff was both consignor and consignee and at all times retained complete title to the goods. Numerous shipments of like character had been made in the past, and the defendants had some sort of a working agreement with the Western Distilleries, whereby they advanced these charges and were repaid by the Western Distilleries when the goods were delivered to the latter.

■ Stripped of all the generalities, the single question of law involved herein is this: when an owner of goods ships to a warehouseman, naming himself as both consignor and consignee, and the warehouseman pays the freight, does the latter forfeit his lien for storage and freight charges advanced because of a separate agreement with the prospective purchaser to pay all these charges upon delivery of the goods to him if and when a sale is made?

The learned trial judge determined this question in the negative, and we are in full accord with his ruling. The determining factor is the one of title. ■ Appellant did not make a sale to the intended purchaser. It shipped the goods to itself as consignee under a prospective sale which was to be made at the respondents' warehouse upon payment by the Western Distilleries and delivery to that purchaser. No title passed at any time to either the warehouseman or to the intended purchaser. And no circumstance intervened which would relieve the consignee from the operation of the usual warehouseman's lien. Whatever arrangement the respondents may have had with the intended purchaser, either by way of former practice, or by agreement as to this particular shipment, was a matter between them alone. And it is of no importance that the consignor may have had knowledge of this former practice in view of the conceded facts that it did not rely upon it in making the shipment, but was careful to retain title in itself until an actual sale and delivery was consummated. It further protected itself in this regard by the express instructions to respondents to release no shipments "regardless of whom the shipment may be consigned to . . . without instructions from this office or our San Francisco office".

■ The applicable statute is section 27 of the Warehouse Receipts Act, as amended in 1931, Deering's General Laws,

442

Act No. 9059, which gives a lien on goods warehoused "by the legal possessor" for all storage charges and advances made. Such a lien may be impliedly waived by acts or conduct inconsistent therewith (37 Cor. Jur. 334), but we can find nothing inconsistent with the claim of lien in the conduct of respondents in endeavoring to collect these charges from the intended purchaser before asserting a lien against the owner and consignee.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 15, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 14, 1938.